RECEIVED
IN LAKE CHARLES, LA
SEP - 9 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:08 CR 00227-001 |
| VS. | : | JUDGE MINALDI |
| GEORGE L. ROMAN, III | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report ("PSR") prepared by Probation. The entirety of the objections center around his assertion that Probation erred in assessing a five-point enhancement pursuant to USSG §2G2.2(b)(3)(B).

The defendant, George Roman ("Roman"), argues that the five-point enhancement is not supported by sufficient evidence. Roman asserts that the police reports clearly show that the defendant never sought out recipients of child pornography, rather just waited for people to request such images. The defendant further argues that, while there is evidence that he distributed and received such items, there is no evidence that he distributed *in order* to receive, or with the expectation that he would receive such things.

Although this court found no Fifth Circuit cases addressing this section of the Guidelines, other circuits have addressed the issue. §2G2.2(b)(3)(B) provides for a five-level enhancement for "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." " 'Distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain' means any transaction, including bartering or other in-kind transaction, that is

conducted for a thing of value, but not for profit." U.S. S.G. § 2G2.2 n.1. " 'Thing of value' means anything of valuable consideration. For example, in a case involving the bartering of child pornographic material, the 'thing of value' is the child pornographic material received in exchange for other child pornographic material bartered in consideration for the material received." *United States v. Vickers*, 528 F.3d 1116, 1120 (8th Cir.2008). " 'Distribution' means any act, including possession with intent to distribute, production, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor." *Id.* Thus, "distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant." *Id.*

In the instant case, the defendant was asked by agents if he had downloaded and traded image and video files that were clearly child pornography, and he said "yes".[1] The defendant admitted to receiving and trading child pornographic images and video via his AOL account.[2] In *United States v. Griffin*, the Eighth Circuit held that a five-level enhancement for the distribution of child pornography for the receipt, or the expectation of receipt, of a thing of value, but not for pecuniary gain applied to a defendant who downloaded and shared child pornography files via an Internet P2P file-sharing network. 482 F.3d 1008, 1013 (8th Cir.2007). In *Griffin*, police, pursuant to a search warrant, seized a computer from a residence. *Id.* at 1010. Forensic analysis of the computer showed that a partially downloaded file containing child pornography had been downloaded to the computer from an IP address traced to the defendant. *Id.* Local police executed a search warrant on the defendant's residence and seized a computer and several CD-ROMs containing approximately 67

---

[1] PSR ¶10

[2] *Id.*

2

video clips of child pornography. *Id.* The defendant pleaded guilty to receiving and possessing child pornography, in violation of 18 U.S.C. §§ 2552(a)(2) and (a)(4)(B). *Id.*

In *Griffin,* the PSR concluded that the defendant was subject to a five-level enhancement pursuant to § 2G2.2(b)(2)(B) because the defendant's offense conduct involved the distribution of child pornography " 'for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain.' " *Id.* (quoting § 2G2.2(b)(2)(B)). The defendant objected to the enhancement, "denying that he distributed any child pornography and arguing that even if a distribution occurred, he did not distribute the images for the receipt, or the expectation of receipt, of a thing of value." *Id.* Although the defendant admitted to downloading child pornography from an Internet P2P file-sharing network, he argued that he only downloaded the images and videos for his personal use, not for distribution to others. *Id.* But the defendant also admitted that he knew that it was a file-sharing program and knew that, by using it, other users could also download files from his computer. *Id.* According to the government, the defendant's use of the file-sharing network "with knowledge of its capabilities constituted distribution. By using the file-sharing site, [the defendant] enabled other users to download files from [his] shared folder, including any child pornography files stored there." *Id.*

In *United States v. Stults,* 2009 WL 2476695, 13 (8th Cir. 2009), there was no *direct* evidence that Stults expected to receive child pornography when he used LimeWire, as was the case in *Griffin* when the defendant used file-sharing site. But the court held that the government met its burden of proof through *circumstantial* evidence. The district court reasonably found that Stults, who was technically sophisticated in computer use, knew that he was distributing child pornography through his use of LimeWire. The district court cited the following facts in support of its

3

determination that Stults's level of computer proficiency supported a finding that he knew how LimeWire worked: (1) Stults had a number of computers (two to three towers); (2) Stults had a large database; (3) Stults had saved substantial data obtained from other LimeWire users and kept it on CDROMs; (4) Stults's computer contained many images; and (5) a lot of data was in Stults's machine.

In the Stipulated Factual Basis for the Guilty Plea, Roman admits that he sent an undercover agent an image of what appeared to be a topless teenage female, as well as a video file of a young girl involved in sexual conduct with an adult male. That girl appeared to be five to seven years old.

When the FBI conducted a search of the defendant's residence, they seized compact discs, computer diskettes, and one desktop computer. Although the defendant stated that he did not initiate the trade of child pornography, a subsequent forensic examination of the computer revealed more than 400 images of prepubescent and teenage children, as well as four video files depicting teenage girls involved in sexually explicit behavior. Evidence showed that Roman was sending and receiving e-mail with child pornography attachments. A subsequent subpoena to AOL revealed 4,000 pornographic images, many containing child erotica and child pornography, as well as more than 20 pornography video files stored in Roman's e-mail account. In addition, AOL provided records which showed that Roman had sent *and* received child erotic and child pornography files.

Prior to an amendment to the Guidelines in 2000, the enhancement required distribution of child pornography for pecuniary gain. Even before this amendment added the current language, the court held that this enhancement applied to not only the child pornography that was offered for sale, but also to swaps, barters, in-kind transactions or other valuable considerations. *See, e.g., United States v. Williams*, 253 F.3d 789, 792-93 (4th Cir.2001) (holding that act of mailing pictures was

sufficient to constitute "distribution"); *United States v. Probel*, 214 F.3d 1285, 1290-91 (11th Cir.2000) (finding enhancement applied when the defendant sent pictures over the internet, even when he received no benefit for the pictures); *United States v. Imgrund*, 208 F.3d 1070, 1072-73 (8th Cir.2000) (explaining that enhancement is appropriate when a trade, barter, or exchange of images takes place); *United States v. Lorge*, 166 F.3d 516, 519 (2d Cir.1999) (affirming enhancement when the defendant exchanged pornographic images of children with others); *United States v. Laney*, 189 F.3d 954, 959-61 (9th Cir.1999) (finding that a defendant who delivered child pornography in order to receive other pornography engaged in "distribution"); *United States v. Hibbler*, 159 F.3d 233, 237-38 (6th Cir.1998) (holding that "distribution" included trading images over the internet for other pornographic pictures).

Based upon the defendant's admission that he sent and received child pornography through his e-mail account and that he shared images with others, the court finds that this five-point enhancement is justified. This objection and the defendant's other objections requesting a recomputation of the offense levels, are OVERRULED.

Lake Charles, Louisiana, this ___ day of September, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

5