UNITED STATES DISTRICT COURT      b
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 2:08-CR-00227 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| GEORGE L. ROMAN III | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

George L. Roman III ("Roman") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 79), and a Motion for Evidentiary Hearing and Court-Appointed Counsel (Doc. 80). Because Roman has not carried his burden of proving a Brady/Giglio violation, Roman's § 2255 Motion (Doc. 79) and Motions for a Hearing and Court-Appointed Counsel (Doc. 80) should be DENIED.

## I.    Background

Roman is contesting his 2009 conviction and sentence on one count of distribution of child pornography. (Doc. 79). Roman was convicted in the United States District Court for the Western District of Louisiana pursuant to a plea agreement. (Docs. 45, 46). Roman was sentenced to 210 months of imprisonment. (Doc. 57).

The sole ground raised by Roman in his § 2255 Motion is whether his right to Due Process was violated by the Government's failure to disclose the district judge's alleged medical condition, and the "favors" the Lake Charles Police "owed" to the district judge (Doc. 77). Roman asserts this claim as "newly discovered evidence" that was suppressed or withheld by the Government. (Doc. 79). Roman also filed a

"Request for Evidentiary Hearing" and a "Motion for Appointment of Counsel" (Doc. 80).

## II.   Law and Analysis

### A.   Rule 8(a) Resolution

The Court is able to resolve the merits of this § 2255 application without an evidentiary hearing because there is no genuine issue of material fact relevant to the claims of the petitioner, and the court records provide the required and adequate factual basis necessary to the resolution of the application. See United States v. Green, 882 F.2d 999, 1008 (5th Cir. 1989); Section 2255 Rule 8(a).

### B.   The law of § 2255 actions generally.

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." See 28 U.S.C. § 2255; United States v. Cates, 952 F.2d 149, 151 (5th Cir.), cert. den., 504 U.S. 962 (1992). The scope of relief under § 2255 is consistent with that of the writ of habeas corpus. See Cates, 952 F.2d at 151; see also United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

### C.   Roman has not shown the prosecutor withheld exculpatory evidence.

Roman claims the district judge's alleged medical condition was "exculpatory evidence" the government failed to disclose to him, citing Brady v. Maryland, 373 U.S.

83, 87 (1963), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972). Roman argues that, had the evidence of the district judge's medical condition and the secret alliances she allegedly had with the Lake Charles Police Department, FBI, and "other State Law Enforcement Agencies" been disclosed, he would not have been convicted and illegally sentenced. Roman also alleges the district judge's alleged medical condition "malfunctioned her Judicial Duties" and caused her to sentence him on an unspecified "fabricated and inapplicable sentencing enhancement." (Doc. 79). Roman argues the district judge's medical condition was suppressed exculpatory evidence that "demonstrates that the prosecution's case against [Roman] includes suppressed/fabricated evidence, misconduct, [and] perjured testimony." (Doc. 79).

<u>Brady</u> prohibits the prosecution from suppressing evidence favorable to an accused where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution. <u>See</u> <u>United States v. Dvorin</u>, 817 F.3d 438, 450 (5th Cir. 2016), cert. denied, 137 S. Ct. 140 (U.S. 2016) (citing <u>Brady</u>, 373 U.S. at 87). <u>Giglio v. United States</u> applies <u>Brady</u> to evidence affecting the credibility of key government witnesses. <u>See</u> <u>United States v. Dvorin</u>, 817 F.3d 438, 450 (5th Cir. 2016), cert. den., 137 S. Ct. 140 (U.S. 2016) (citing <u>Giglio v. United States</u>, 405 U.S. 150 (1972)).

To establish a <u>Brady</u> violation, a defendant must show: (1) the evidence at issue was favorable to the accused, either because it was exculpatory or impeaching; (2) the evidence was suppressed by the prosecution; and (3) the evidence was material. <u>See</u> <u>Dvorin</u>, 817 F.3d at 450 (citing <u>United States v. Davis</u>, 609 F.3d 663, 696 (5th Cir.

3

2010), and <u>United States v. Brown</u>, 650 F.3d 581, 587–88 (5th Cir. 2011), cert. den., 566 U.S. 970 (2012)).

The determinative question is whether the evidence was material; that is, whether there is a reasonable probability that, had the evidence been disclosed to the defendant, the result of the proceeding would have been different.  <u>See</u> <u>Wilson v. Whitley</u>, 28 F.3d 433, 434 (5th Cir. 1994), cert. den., 513 U.S. 1091 (1995) (citing <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985)).  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  <u>See</u> <u>Spence v. Johnson</u>, 80 F.3d 989, 994 (5th Cir. 1996), cert. den., 519 U.S. 1012 (1996) (citing <u>Bagley</u>, 413 U.S. at 682).

Roman contends the information concerning the alleged "secret alliances" the district judge had with law enforcement agencies was favorable to him because the prosecution fabricated an unspecified sentencing enhancement against him to increase his sentence.  Roman's claims are without merit for a number of reasons.

First, Roman has not presented any evidence to prove there were "secret alliances" between the district judge and law enforcement agencies.

Second, although Roman does not specify in his brief what the sentence enhancement was for, the record shows he disputed a five-point enhancement under U.S.S.G. § 2G2.2(b)(3)(B) for distribution of child pornography in barter-type transactions for more child pornography.  After an evidentiary hearing, the district judge found the evidence showed and Roman had admitted to sending, receiving, and trading child pornographic images, and applied the sentencing enhancement.  (Doc.

54).  Presumably, that is the enhancement Roman disputes in his petition.[1]  Roman has not offered any evidence to support his self-serving claim that law enforcement officers or the Assistant United States Attorney fabricated the evidence to support the sentence enhancement.

Conclusory or "purely speculative" claims of <u>Brady</u> violations are insufficient to warrant collateral relief.  <u>See</u> <u>Murphy v. Johnson</u>, 205 F.3d 809, 814 (5th Cir. 2000), cert. den., 531 U.S. 57 (2000).  Roman does not allege any specific facts to show how disclosure of the district judge's alleged medical condition would have been favorable to him, or otherwise would have affected the outcome of his criminal proceeding. Moreover, Roman has certainly not alleged or shown that, but for the district judge's alleged medical condition, he would not have pleaded guilty in 2009, or would have received a lower sentence.  Therefore, Roman's § 2255 Motion (Doc. 79) should be denied.

**D.    Roman's Motions for an Evidentiary Hearing and Court-Appointed Counsel should be denied.**

Roman filed Motions for an Evidentiary Hearing and Court-Appointed Counsel (Doc. 80).  Because Roman's § 2255 Motion is meritless and because the Court is able to resolve the Motion without additional proceedings, Roman's motions for a Hearing and Court-Appointed Counsel (Doc. 80) should also be denied.

## III.    Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Roman's § 2255 Motion (Doc. 79) be DENIED AND DISMISSED WITH PREJUDICE.

---

[1] The five-point sentencing enhancement was upheld on direct appeal.  (Doc. 76).

IT IS FURTHER RECOMMENDED that Roman's Motions for an Evidentiary Hearing and Court-Appointed Counsel (Doc. 80) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be

taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** <u>See</u> 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana on this  14th  day of June, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge